**Earl CHRISTIAN, Plaintiff–Appellant,**

v.

**Kenneth S. APFEL, Commissioner of Social Security, Defendant–Appellee.**

Docket No. 01–6045.

United States Court of Appeals, Second Circuit.

Feb. 21, 2002.

---

Charles E. Binder; Diane M. Flynn, on the brief, Binder & Binder, New York, NY, for Plaintiff–Appellant.

Michael J. Goldberger; Varuni Nelson and Kathleen A. Mahoney, on the brief, Assistant United States Attorneys, for Alan Vinegrad, United States Attorney for the Eastern District of New York, Brooklyn, NY, for Defendant–Appellee.

Present LEVAL, CALABRESI, Circuit Judges, and STEIN,* District Judge.

*SUMMARY ORDER*

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Plaintiff–Appellant Earl Christian ("Christian") appeals from a memorandum and order entered on November 15, 2000 in the United States District Court for the Eastern District of New York (Dearie, *J.*), affirming the decisions of Administrative Law Judge Verley J. Spivey (the "ALJ") and the Appeals Council, denying Plaintiff's application for Supplemental Security Insurance ("SSI") benefits pursuant to Title XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 1381–1383f.

On January 17, 1997, Christian applied for SSI benefits, claiming that he became disabled on June 8, 1995, when he was injured in an automobile accident. The application was denied initially by the Social Security Administration ("SSA"). The report stated that the SSA had "consid-

---

**1.** There is an exception not applicable in this case. *See* U.S.S.G. § 1B1.2(a); U.S.S.G. Manual, Supp. to App. C, amend. 591, at 29–32.

* The Honorable Sidney H. Stein, United States District Judge for the Southern District of New York, sitting by designation.

ered the medical and other information, [Christian's] age, education, training, and work experience in determining how [his] condition affects [his] ability to work." Based on Christian's description of his job as a data entry clerk, the SSA determined that his "condition [did] not prevent [him] from performing this work." Christian's application was also denied on reconsideration. Christian thereafter filed a request for a hearing before an administrative law judge.

Following a hearing, the ALJ issued, on June 18, 1998, a decision finding Christian not to be disabled. In reaching his decision, the ALJ applied the five-step sequential evaluation for determining whether a person is disabled within the meaning of the Act. See 20 C.F.R. § 416.920. The ALJ concluded that Christian "retain[ed] the residual functional capacity to return to his past relevant work and that [Christian] ha[d] not been 'disabled' for the 12 month duration requirement of the Act." The ALJ noted that the objective medical evidence did not support Christian's subjective complaints or his allegation of disability and, further that, although Christian's treating physicians and several examining physicians listed work restrictions for Christian, "their conclusions do not support a finding of disabled as defined in the Act." The Appeals Council denied Christian's request for review.

On appeal to this Court, Christian claims, as he did below before the district court, (1) that the ALJ failed to give proper weight to the opinions of his treating physicians, (2) that the ALJ failed to articulate adequate reasons for his finding that Christian retained the residual functional capacity for light work, and (3) that the ALJ did not apply proper legal standards when he rejected Christian's subjective complaints as not credible.

While, in reviewing the district court's decision sustaining the denial of benefits by the SSA, "we undertake our own plenary review of the administrative record," *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996); *see Curry v. Apfel*, 209 F.3d 117, 122 (2d Cir.2000); *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir.1998), "[i]t is not our function to determine *de novo* whether [Christian] is disabled." *Pratts*, 94 F.3d at 37; *see Curry*, 209 F.3d at 122; *Schaal*, 134 F.3d at 501. "Rather, we must determine whether the Commissioner's conclusions 'are supported by substantial evidence in the record as a whole or are based on an erroneous legal standard.'" *Schaal*, 134 F.3d at 501 (citing *Beauvoir v. Chater*, 104 F.3d 1432, 1433 (2d Cir.1997)); *accord Curry*, 209 F.3d at 122; *see* 42 U.S.C. § 405(g). "Substantial evidence is 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Curry*, 209 F.3d at 122 (quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (internal quotation marks and citation omitted)); *accord Schaal*, 134 F.3d at 501.

After reviewing the administrative record, we find that the ALJ's decision is supported by substantial evidence, and affirm for substantially the reasons set forth in the district court's opinion.